**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHARLES STEWART WELLONS,
            *Defendant-Appellant.*

No. 03-4524

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Margaret B. Seymour, District Judge.
(CR-01-146)

Submitted: November 19, 2003

Decided: December 8, 2003

Before WILKINSON and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Margaret A. Chamberlain, Greenville, South Carolina, for Appellant.
Elizabeth Jean Howard, OFFICE OF THE UNITED STATES
ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles Stewart Wellons appeals from the district court's order revoking his supervised release and sentencing him to nine months' imprisonment after he admitted to a violation of his supervised release. Wellons' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), representing that, in her view, there are no meritorious issues for appeal, but raising the issues of whether the district court erred in imposing a nine-month sentence and whether counsel was ineffective during the revocation proceedings. Although informed of his right to do so, Wellons has not filed a pro se supplemental brief. Finding no meritorious issues and no error by the district court, we affirm the revocation order and the nine-month sentence.

In light of Wellons' admission that he committed the first alleged violation of his supervision, we find no error by the district court in revoking his supervised release and imposing a nine-month sentence. *See* 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2003); *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995).

Wellons also contends that counsel was ineffective during the revocation proceedings. A claim of ineffective assistance of counsel must first be raised in the district court in a motion under 28 U.S.C. § 2255 (2000), unless the record conclusively establishes ineffective assistance. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively show that counsel was ineffective, we decline to address this claim at this time.

In accordance with *Anders*, we have independently reviewed the entire record and find no meritorious issues for appeal. Accordingly, we deny Wellons' motion for substitution of counsel and affirm the district court's order revoking his supervised release and imposing a nine-month sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from repre-

sentation. Counsel's motion must state that a copy thereof was served on the client. We deny Wellons' motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*